UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SCOTT M.                              :
                                      :
v.                                    :   C.A. No. 22-00080-JJM
                                      :
KILOLO KIJAKAZI, Commissioner         :
Social Security Administration        :

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g).  Plaintiff filed his Complaint on February 17, 2022, seeking to reverse the Decision of the Commissioner.  On July 11, 2022, Plaintiff filed a Motion to Reverse the Decision of the Commissioner.  (ECF No. 10).  On August 2, 2022, Defendant filed a Motion for an Order Affirming the Decision of the Commissioner.  (ECF No. 11).  A Reply was filed on August 16, 2022.  (ECF No. 12).

This matter has been referred to me for preliminary review, findings, and recommended disposition.  28 U.S.C. § 636(b)(1)(B); LR Cv 72.  Based upon my review of the record, the parties' submissions, and independent research, I find that there is substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act.  Consequently, I recommend that Plaintiff's Motion to Reverse (ECF No. 10) be DENIED and that the Commissioner's Motion for an Order Affirming (ECF No. 11) be GRANTED.

### I.  PROCEDURAL HISTORY

Plaintiff filed an application for DIB on March 26, 2020 (Tr. 175-176) and for SSI on April 6, 2020 (Tr. 177-185) alleging disability since July 7, 2009.  The applications were denied initially on April 17, 2020 (Tr. 58-66, 67-75) and on reconsideration on July 9, 2020.  (Tr. 78-86, 87-95).  Plaintiff requested an Administrative Hearing.  On January 22, 2021, a hearing was held before Administrative Law Judge Kevin Kenneally (the "ALJ") at which time Plaintiff, represented by counsel, and a Vocational Expert ("VE") appeared and testified.  (Tr. 36-55).  The ALJ issued an unfavorable decision to Plaintiff on February 9, 2021.  (Tr. 15-30).  The Appeals Council denied Plaintiff's request for review on September 2, 2021.  (Tr. 7-9).  Therefore, the ALJ's decision became final.  A timely appeal was then filed with this Court.

### II.  THE PARTIES' POSITIONS

Plaintiff primarily contends that the ALJ erred at Step 3 in finding that he did not meet any of the Section 12.00 Listings.

The Commissioner disputes Plaintiff's claims and argues that the ALJ properly evaluated the applicable Listings and committed no reversible error.

### III.  THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  Ortiz v. Sec'y of HHS, 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of HHS, 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of HHS, 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of HHS, 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart,

274 F.3d 606, 609-610 (1st Cir. 2001).  On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence.  Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council).  After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction.  Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g).  To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level.  See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant.  Id.  With a sentence six remand, the parties must return to the court after remand to file modified findings of fact.  Id. The court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings.  Id.

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe,

making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

    **A.**    **Opinion Evidence**

For applications like this one, filed on or after March 27, 2017, the Administration has fundamentally changed how adjudicators assess opinion evidence.  The requirements that adjudicators assign "controlling weight" to a well-supported treating source's medical opinion that is consistent with other evidence, and, if controlling weight is not given, must state the specific weight that is assigned – are gone.  See Shaw v. Saul, No. 19-cv-730-LM, 2020 WL 3072072, *4-5 (D.N.H. June 10, 2020) citing Nicole C. v. Saul, Case No. cv 19-127JJM, 2020 WL 57727, at *4 (D.R.I. Jan. 6, 2020) (citing 20 C.F.R. § 404.1520c(a)). Under the newly applicable regulations, an ALJ does not assign specific evidentiary weight to any medical opinion and does not defer to the opinion of any medical source (including the claimant's treating providers).  20 C.F.R. §§ 404.1520c(a), 416.920c(a).  Instead, the ALJ evaluates the relative persuasiveness of the medical evidence in terms of five specified factors.  Id.

The five factors the ALJ considers in evaluating the persuasiveness of a medical opinion are supportability (the relevance of the opinion's cited objective medical evidence), consistency (how consistent the opinion is with all of the evidence from medical and non-medical sources), treatment/examining relationship (including length of treatment relationship, frequency of examinations, purpose of treatment relationship, and existence and extent of treatment/examining relationship), specialization (the relevance of the source's specialized education or training to the claimant's condition), and what the Administration refers to as "other factors" (the medical source's familiarity with the claimant's medical record as a whole and/or with the Administration's policies or evidentiary requirements).  Shaw, 2020 WL 3072072 at *4 citing 20 C.F.R. §§

404.1520c(c)(1)-(5), 416.920c(c)(1)-(5) (emphasis supplied). Of the five factors, the "most important" are supportability and consistency. Id. §§ 404.1520c(a), 404.1520c(b)(2), 416.920c(a), 416.920c(b)(2).

While the ALJ must consider all five of the factors in evaluating the persuasiveness of medical evidence, when preparing the written decision, the ALJ is, in most cases, only required to discuss application of the supportability and consistency factors. Id. §§ 404.1520c(b)(2), 416.920c(b)(2). Only where contrary medical opinions are equally persuasive in terms of both supportability and consistency is the ALJ required to discuss their relative persuasiveness in terms of the treatment/examining relationship, specialization, and other factors. Id. §§ 404.1520c(b)(3), 416.920c(b)(3). In addition, where a single medical source offers multiple opinions, the ALJ is not required to discuss each opinion individually, but instead may address all of the source's opinions "together in a single analysis." Id. §§ 404.1520c(b)(1), 416.920c(b)(1).

Moreover, while the ALJ must consider all of the relevant evidence in the record, Id. §§ 404.1520b(a)-(b), 416.920b(a)-(b), the ALJ need not discuss evidence from nonmedical sources, including, e.g., the claimant, the claimant's friends and family, educational personnel, and social welfare agency personnel. Id. §§ 404.1502(e), 404.1520c(d), 416.902(j), 416.920c(d). And while the regulations require the ALJ to discuss the relative persuasiveness of all medical source evidence, Id. §§ 404.1520c(b), 416.920c(b), the claimant's impairments must be established specifically by evidence from an acceptable medical source, Id. §§ 404.1521, 416.921.

"Acceptable medical sources" are limited to physicians and psychologists, and (within their areas of specialization or practice) to optometrists, podiatrists, audiologists, advanced practice registered nurses, physician assistants, and speech pathologists. Id. §§ 404.1502(a), 416.902(a). Evidence from other medical sources, such as licensed social workers or

chiropractors, is insufficient to establish the existence or severity of a claimant's impairments. Id. Finally, the ALJ need not discuss evidence that is "inherently neither valuable nor persuasive," including decisions by other governmental agencies or nongovernmental entities, findings made by state disability examiners at any previous level of adjudication, and statements by medical sources as to any issue reserved to the Commissioner. Id. §§ 404.1520b(c), 416.920b(c).

### B.   Developing the Record

The ALJ has a duty to fully and fairly develop the record. Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991). The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained. See 42 U.S.C. § 406; Evangelista v. Sec'y of HHS, 826 F.2d 136, 142 (1st Cir. 1987). The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel. Id. However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty. See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

### C.   Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986). In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to

enable the ALJ to render an informed decision.  <u>Carrillo Marin v. Sec'y of HHS</u>, 758 F.2d 14, 17 (1st Cir. 1985).

### D.     The Five-step Evaluation

The ALJ must follow five steps in evaluating a claim of disability.  <u>See</u> 20 C.F.R. §§ 404.1520, 416.920.  First, if a claimant is working at a substantial gainful activity, she is not disabled.  20 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled.  20 C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled.  20 C.F.R. § 404.1520(f).  Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five.  <u>Wells v. Barnhart</u>, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B).  Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled.  <u>Davis v. Shalala</u>, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act. Seavey, 276 F.3d at 5. The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits. Deblois v. Sec'y of HHS, 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c). If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability. Id.

### E. Other Work

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. Seavey, 276 F.3d at 5. In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989). This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids"). Seavey, 276 F.3d at 5. Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors. Id.; see also Heckler v. Campbell, 461 U.S. 458 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills. Nguyen, 172 F.3d at 36. In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert. Heggarty, 947 F.2d at 996. It is only when the claimant can clearly do unlimited types of work at a given residual

functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy. See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981). In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

**1.      Pain**

"Pain can constitute a significant non-exertional impairment." Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. SSR 16-3p, 2017 WL 4790249, at *49462; 20 C.F.R. § 404.1529(c)(3). In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

>  (1)     The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
>
>  (2)     Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
>
>  (3)     Type, dosage, effectiveness, and adverse side-effects of any pain medication;
>
>  (4)     Treatment, other than medication, for relief of pain;
>
>  (5)     Functional restrictions; and

    (6) The claimant's daily activities.

Avery v. Sec'y of HHS, 797 F.2d 19, 29 (1st Cir. 1986). An individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A). However, the individual's statements about the intensity, persistence, and limited effects of symptoms may not be disregarded "solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms." SSR 16-3p, 2017 WL 4790249, at *49465.

### 2. Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Rohrberg, 26 F. Supp. 2d at 309. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. See Frustaglia, 829 F.2d at 195. The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982). If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)). Guidance in evaluating the claimant's statements regarding the intensity, persistence, and limiting effects of subjective symptoms is provided by SSR 16-3p, 2017 WL 4790249, at *49462 (Oct. 25, 2017). It directs the ALJ to consider the entire case record, including

the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; any other relevant evidence; and whether statements about the intensity, persistence, and limiting effects of symptoms are consistent with the medical signs and laboratory findings. SSR 16-3p, 2017 WL 4790249, at *49465.

V.       **APPLICATION AND ANALYSIS**

A.       **The ALJ's Decision**

The ALJ decided this case adverse to Plaintiff at Step 5. At Step 2, the ALJ found that Plaintiff's bipolar disorder, ADHD, PTSD, cannabis use disorder, and migraines were "severe" impairments. (Tr. 21). The ALJ concluded at Step 3 that Plaintiff did not meet any of the applicable Listings. (Tr. 21-22). However, he did find that Plaintiff was markedly limited in his ability to interact with others but only moderately limited in the other areas of mental functioning. (Tr. 22-23). As to RFC, the ALJ concluded that Plaintiff could perform a full range of work exertionally but was otherwise limited to simple routine tasks and subject to significant restrictions on the ability to interact with the public, co-workers and supervisors. (Tr. 24). At Step 4, the ALJ found that Plaintiff had no past relevant work. (Tr. 28). Finally, at Step 5, the ALJ determined that Plaintiff was not disabled because his RFC did not prevent him from performing certain unskilled jobs available in the economy. (Tr. 29).

B.       **The ALJ Properly Evaluated the Adapting and Managing Oneself Domain of the Mental Health Listings**

At Step 3, the ALJ must determine if a claimant is disabled because he or she has an impairment that meets or equals a Listing. 20 C.F.R. § 404.1520(a)(4)(iii). The Listings identify impairments that are considered "severe enough to prevent an individual from doing any gainful

activity." 20 C.F.R. § 404.1525(a). Each of these listed impairments specifies the "objective medical and other findings needed to satisfy the criteria of that listing." 20 C.F.R. § 404.1525(c)(3). To meet a listed impairment, the claimant must show that his impairment satisfies all those criteria. Id.; see also Torres v. Sec'y of Health and Human Servs, 870 F.2d 742, 745 (1st Cir. 1989) ("it is the claimant's burden to show that he has an impairment or impairments which meets or equals a listed impairment").

Plaintiff challenges the ALJ's findings on mental health listings 12.04, 12.11 and 12.15, particularly the finding that he had only a moderate limitation in the adapting and managing oneself domain. (ECF No. 10 at pp. 8-10). These Listings require an "extreme limitation of one, or a marked limitation of two, of the following areas of mental functioning: [1] understand, remember or apply information; [2] interact with others; [3] concentrate, persist, or maintain pace; and [4] adapt or manage oneself." 20 C.F.R. Pt. 404, Supt. P, App'x 1 §§ 12.04(B), 12.11(B), 12.15(B). Here, the ALJ found that Plaintiff's impairments did not meet these requirements because he had only one marked limitation (in the interacting with others domain) and otherwise no more than moderate limitations, including a moderate limitation in the adapting and managing oneself domain. (Tr. 22-24).

Plaintiff argues that the ALJ applied the wrong standard when evaluating the adapting and managing oneself domain because he considered evidence of his daily functioning outside of a work environment. (ECF No. 10 at pp. 8-10). Plaintiff's argument is not persuasive.

First, the record contains no medical source opining that Plaintiff's impairments meet or equal Listings 12.04, 12.11 or 12.15. Rather, the only medical sources that considered the issue are the state agency psychologists, and they found that the Listings were not satisfied. (Tr. 61-62, 81-82). Their findings included the same moderate limitation in the adapting and managing

oneself domain that the ALJ assessed and thus constitute substantial evidence supporting the ALJ's finding.  See Arrington v. Berryhill, No. 17-1047, 2018 WL 818044, at *1 (1st Cir. Feb. 5, 2018) (unpublished) ("the ALJ explained that no physician had reported findings sufficient to satisfy the Listings' criteria, and that the state consultants had not found any Listing satisfied").  Ultimately, it was Plaintiff who bore the burden of showing that his impairments met or equaled a Listing, and the ALJ reasonably found that Plaintiff did not meet that burden.  See Torres, 870 F.2d at 745.

Second, the record and the ALJ's decision show that he appropriately evaluated the adapting and managing oneself domain of Listings 12.04, 12.11 and 12.15.  In addition to relying on the uncontradicted findings of the state agency psychologists, (Tr. 28 (concluding that their findings were "persuasive")), 20 C.F.R. § 404.1513a(b)(1), the ALJ considered the following factors in determining that Plaintiff had only a moderate limitation adapting and managing himself:

- The fact that Plaintiff's "condition was largely stable with medication and psychotherapy" (Tr. 23; supported at, e.g., Tr. 393, 397, 470, 502, 524-525, 677, 733);

- Plaintiff's ability to "handle [the] mental demands [of] living by [himself] and other activities of daily living, such as driving a car and a motorcycle, shopping, preparing complete meals, travelling out of state, helping his son with schoolwork, and caring for his son and his brother" (Tr. 23; supported at Tr. 266-269, 470, 514, 666);

- The "general lack of evidence [in the record] that would indicate that the claimant has trouble understanding the difference between acceptable and unacceptable behavior or that the claimant does not understand the nature of hazards" (Tr. 23); and,

- The absence of "signs of the need for inpatient psychiatric treatment." Id.

Plaintiff claims that this evidence is not "indicative" of his ability to function "in a work environment," so it cannot legally support the ALJ's finding on the adapting and managing oneself domain.  (ECF No. 10 at p. 9).  The Commissioner persuasively argues that Plaintiff is wrong on this point.  She relies on the revised regulations for evaluating mental impairments which provide

that the Administration will "use all the information available [ ] about how a person functions, including how the person manages him- or herself from day-to-day at home and in the community" to determine if a claimant is "able to work (and, therefore, function in the workplace)." Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66138, 66145 (Sept. 26, 2016). Thus, Plaintiff has not shown that the ALJ considered the wrong type of evidence when he evaluated Plaintiff's ability to adapt and manage himself. Also, the ALJ did not "misstate the definition of 'adapting and managing oneself'" as argued by Plaintiff. (ECF No. 10 at p. 9). Plaintiff concedes that there is no requirement that the ALJ quote definitions verbatim from the regulations, (ECF No. 12 at p. 3), and the ALJ here relied on appropriate evidence, including the uncontradicted findings of the state agency psychologists, to assess the adapt and manage oneself domain. On this record, the ALJ's use of the words "acceptable and unacceptable behavior" rather than "acceptable and unacceptable work performance" is neither outcome determinative nor harmful error. Again, substantial evidence here supports the ALJ's finding of a moderate limitation in the adapting and managing oneself domain, and Plaintiff has not shown any error in this finding or the ALJ's Step 3 analysis.

      **C.**     **Plaintiff's Secondary Arguments Also Do Not Support a Remand**

Plaintiff also argues that the ALJ erred by treating his grandmother's function report as a medical opinion, and by improperly assessing the credibility of his subjective complaints. Neither argument is well supported or persuasive. First, as to the function report (Exh. 6E), the ALJ simply did not treat it as a medical opinion. He clearly identifies it as a third-party statement from the grandmother and accurately noted that she was not a medical professional or involved in Plaintiff's medical care. (Tr. 28). Second, as to Plaintiff's statements, the ALJ properly evaluated them in

the context of this record and made findings adequately supported by the record.  Plaintiff has provided no basis for this Court to disturb those findings.

**CONCLUSION**

For the reasons discussed herein, I recommend that Plaintiff's Motion to Reverse (ECF No. 10) be DENIED and that the Commissioner's Motion for an Order Affirming (ECF No. 11) be GRANTED.  I further recommend that Final Judgment enter in favor of Defendant.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, In. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 15, 2022